U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

JAN 06 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Ethridge                                           Civil Action No. 14-03117

versus                                             Judge Richard T. Haik, Sr.

UCAR Pipeline, Inc.                                Magistrate Judge C. Michael Hill

## MEMORANDUM ORDER

Before the Court is a Motion For Remand filed by plaintiff, Janet Daigle Ethridge, [Rec. Doc. 7] and defendant, UCAR Pipeline, Inc. ("UCAR")'s, Opposition thereto [Rec. Doc. 9]. For the reasons that follow, the Court will grant plaintiff's motion.

Plaintiff is one of the owners of a divided tract of immovable property in St. Mary Parish, Louisiana which has approximately 970 feet of frontage on the Charenton Drainage and Navigation Canal. UCAR owns and maintains an ethylene pipeline that runs across the property including the Ethridge Property. Defendant's right to maintain the UCAR Pipeline was granted in a Pipeline Agreement dated September 9, 1975. UCAR installed a pipeline after the Servitude Agreement was executed and continues to operate the pipeline on the route depicted in the Servitude Agreement.

This suit follows a previous suit filed by plaintiff against UCAR on November 2, 2012 in the Sixteenth Judicial District Court, Parish of St. Mary, State lf Louisiana. UCAR removed that action to this Court on the basis of diversity jurisdiction.[1] Thereafter, the parties filed cross motions for summary judgment. In a Judgment entered on May 22, 2014, the Court denied plaintiff's motion and granted UCAR's motion. Finding that the co-owners of the property burdened by the Pipeline Servitude were indispensable parties under Rule

---

[1] *See, Ethridge v. UCAR Pipeline, Inc.*, Civil Action No. 6:12-cv-3086.

19(b),[2] the Court dismissed plaintiff's action without prejudice pursuant to Rule 12(b)(7).

In the action now before the Court, plaintiff named as defendants UCAR as well as two of the ten co-owners of the property encumbered by the servitude, West St. Mary Port Harbor & Terminal District ("the Port") and Tyler Dirt Haulers, Inc. ("Tyler Dirt"). UCAR removed this action from the Sixteenth Judicial Court, St. Mary Parish, Louisiana, on October 27, 2014. In her motion to remand, plaintiff asserts that the Court does not have subject matter jurisdiction over this case based on the undisputed fact that the Port and Tyler Dirt are Louisiana citizens, and are therefore not diverse from the plaintiff.

In its opposition to plaintiff's motion, UCAR contends that because the Port and Tyler Dirt are improperly joined/nominal parties, their citizenship must be disregarded in determining subject matter jurisdiction. UCAR also contends, in the alternative, that the Court should realign these parties as plaintiffs against UCAR for the assertion of any legal right related to re-location of the servitude, thereby making them diverse for purposes of subject matter jurisdiction.

A party is a "nominal party" for removal purposes when "in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 366 (5th Cir.2006). Alternatively, the test has been articulated as "whether or not a named party's role in the law suit is that of depositary or stakeholder." *Id.* The Court disagrees with UCAR's contention that the defendants have become "nominal parties." When UCAR was the sole defendant in the previous action, it asserted that the other co-

---

[2] UCAR represented that the 2013 tax rolls included as co-owners in indivision of the original property burdened by the Pipeline Servitude: (1) Lucinda Gardener Privat; (2) the West St. Mary Port Harbor and Terminal District; (3) Tylers Dirt Haulers, Inc.; (4) Alfred J. Daigle; (5) Albert T. Daigle; (6) Janet Daigle Ethridge; (7) Joseph Ray Tyler; (8) St. Mary Parish Police Jury; and (9) Vappaille Land, LLC.

2

owners were indispensable parties. Now, UCAR asserts that the co-owners named by plaintiff in this action are nominal parties. UCAR can't have it both ways.

Nor does the Court find UCAR's argument that the Court should realign the defendants with the plaintiff in order to allow UCAR to remove the case on the basis of diversity. The trend in the Fifth Circuit is disapproval of using realignment after removal to cure a defect in removal jurisdiction in general, and in particular disapproval of using realignment after removal to allow a third-party defendant to remove on diversity grounds. *Washington v. Ernster*, 551 F.Supp.2d 568, 573 (E.D.Tex.,2007) (citing *Roblez v. Ramos*, 2001 WL 896942, at *2, *3 n. 2 (N.D.Tex.,2001)); *Kahn Swick & Foti, LLC v. Spector Roseman Kodroff & Willis, PC*, 2014 WL 7140312 (E.D.La.,2014); *Eagle Capital Corp. v. Munlake Contractors, Inc.*, 2012 WL 568701, at *2 (S.D.Miss., 2012); *Huntsman Co. v. International Risk Insurance Co.*, 2008 WL 4453170, at *3–7 (S.D. Tex.,2008); *Windhorst v. State Farm Fire & Cas. Co.*, 2008 WL 170054 (E.D.La.,2008); *Prime Income Asset Management Co., Inc. v. Waters Edge Living, LLC*, 2007 WL 2229050, *4 (N.D.Tex., 2007); *Salge v. Buchanan*, 2007 WL 1521738, *4 n. 5 (S.D.Tex., 2007). The Court finds the reasoning of these cases persuasive and declines to hold that realignment is proper to permit removal when a defendant has relied on improper joinder to remove a case based on diversity jurisdiction.

For the reasons stated herein,

**IT IS ORDERED** that the Motion For Remand filed by plaintiff, Janet Daigle Ethridge, [Rec. Doc. 7] is **GRANTED** and this action is hereby **REMANDED** to the Sixteenth Judicial District Court, Parish of St. Mary.

Thus done and signed this 5th day of January, 2015 at Lafayette, Louisiana.

Richard T. Haik, Sr.
U.S. District Judge